UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL D. HENDERSON,<br><br>                    Petitioner,<br><br>    v.<br><br>KARIN ARNOLD,<br><br>                    Respondent. | Case No. C25-1394-TMC-MLP<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

Petitioner Michael Henderson is currently in the custody of the Washington Department of Corrections ("DOC") pursuant to a 2016 judgment and sentence of the King County Superior Court. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from that judgment and sentence. (*See* dkt. # 5.) Respondent has filed an answer to Petitioner's petition together with relevant portions of the state court record. (Dkt. ## 8-9.) Respondent argues in her answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* dkt. # 8.) Petitioner has not filed a response to Respondent's answer. This Court, having reviewed Petitioner's petition, Respondent's answer, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

On June 3, 2016, Petitioner was found guilty, following a jury trial, on one count of murder in the second degree and one count of unlawful possession of a firearm in the first degree. (Dkt. # 9, Ex. 1 at 1.) Petitioner was sentenced on July 15, 2016, to a total term of 351 months confinement, to be followed by 36 months of community custody. (*See id.*, Ex. 1 at 4-5.) On February 15, 2017, the trial court entered an order amending the judgment and sentence to reflect that Petitioner was to receive credit against his sentence for time served in the King County Jail. (*Id.*, Ex. 2.)

Petitioner appealed his second-degree murder conviction to the Washington Court of Appeals arguing, among other things, that the trial court erred in failing to instruct the jury on the defenses of both justifiable homicide and excusable homicide. *See State v. Henderson*, 2 Wn. App. 2d 1031 (Wash. App. 2018). On February 12, 2018, the Court of Appeals reversed Petitioner's conviction and remanded for a new trial. *See id.* The state thereafter filed a petition seeking review by the Washington Supreme Court and, on December 6, 2018, the Supreme Court reversed the decision of the Court of Appeals and remanded the case to that court for consideration of the remaining arguments raised on appeal that had not previously been considered. *See State v. Henderson*, 192 Wn.2d 508 (Wash. 2018).

The Washington Court of Appeals, on remand, rejected Petitioner's remaining arguments and affirmed his conviction. (Dkt. # 9, Ex. 4.) Petitioner thereafter filed a petition seeking review by the Washington Supreme Court, and the Supreme Court denied review without comment on April 29, 2020. (*See id.*, Ex. 5.) The Washington Court of Appeals issued a mandate terminating direct review on May 6, 2020. (*See id.*, Ex. 10 at 2.)

REPORT AND RECOMMENDATION
PAGE - 2

On January 19, 2021, Petitioner filed a personal restraint petition in the Washington Court of Appeals. (Dkt. # 9, Ex. 6.) The Court of Appeals issued an order dismissing the petition as frivolous on April 28, 2021. (*Id.*, Ex. 7.) Petitioner sought further review by the Washington Supreme Court, but the Supreme Court denied Petitioner's motion for discretionary review and a subsequent motion to modify. (*See id.*, Ex. 8.) The Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceeding on November 18, 2021. (*Id.*)

In December 2021, Petitioner submitted to the King County Superior Court a series of documents seeking post-conviction relief, including a petition for writ of mandamus and a motion for relief under Washington Superior Court Criminal Rule ("CrR") 8.3(b). (*See* dkt. # 9, Exs. 9-10.) On May 23, 2022, the King County Superior Court transferred Petitioner's submissions to the Washington Court of Appeals for consideration as a personal restraint petition. (*See id.*) The Court of Appeals dismissed the petition on August 17, 2022, upon concluding that Petitioner's requests for post-conviction relief were untimely. (*Id.*, Ex. 10.)

Petitioner thereafter filed a motion for discretionary review in the Washington Supreme Court. *See In re Pers. Restraint of Henderson*, Case No. 101277-2 (Washington Supreme Court, filed Sept. 13, 2022), *docket available at* https://dw.courts.wa.gov (last accessed Nov. 12, 2025). The Supreme Court issued a ruling denying review on September 30, 2022, and denied Petitioner's subsequent motion to modify on December 7, 2022. *See id.* The Washington Court of Appeals issued a certificate of finality in Petitioner's second personal restraint proceeding on January 3, 2023. *See In re Pers. Restraint of Henderson*, Case No. 84108-4-I (Washington Court of Appeals, Div. I, filed May 25, 2022), *docket available at* https://dw.courts.wa.gov (last accessed Nov. 12, 2025).

REPORT AND RECOMMENDATION
PAGE - 3

Petitioner submitted his federal habeas petition to this Court for filing on July 24, 2025. (*See* dkt. # 1.) The briefing with respect to the petition is now complete and this matter is ripe for review.

### III. DISCUSSION

#### A. Statute of Limitations

A one-year period of limitation applies to applications for federal habeas relief by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year limitation period starts to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The general rule is that set forth in § 2244(d)(1)(A), while the remaining sub-paragraphs of § 2244(d)(1) are, effectively, exceptions to this general rule. As the language of the statute makes clear, under the general rule the one-year limitation period begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). Direct review typically concludes, and a conviction becomes "final," when the 90-day period for filing a petition for writ of certiorari to

the U.S. Supreme Court expires or when the Supreme Court rules on a timely filed petition for writ of certiorari. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012); *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). The 90-day period runs from the date on which the ruling sought to be reviewed is entered, not from the date on which the state mandate is issued. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States.

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). If a state court rejects an application for post-conviction relief as untimely under state law, the application is not "properly filed" for purposes of § 2244(d)(2) and, thus, such an application does not act to toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In addition, once the statute of limitations period has run, a state collateral action filed thereafter does not serve to revive the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Respondent argues that Petitioner's petition is time-barred under the general rule, § 2244(d)(1)(A) (*see* dkt. # 8 at 5-7), while Petitioner suggests that his petition should be deemed timely under § 2244(d)(1)(D) based on newly discovered evidence (*see* dkt. # 5 at 13). The Court begins by applying the general rule to the facts of Petitioner's case. Here, because Petitioner did not file a petition for writ of certiorari with the U.S. Supreme Court (*see* dkt. # 5 at 3), the period for direct review ended upon the expiration of the time for filing such a petition. *See Bowen*, 188 F.3d at 1158-59. The Washington Supreme Court denied Petitioner's petition for review on direct appeal on April 29, 2020. (Dkt. # 9, Ex. 5.) Petitioner thereafter had until July 28, 2020, to

REPORT AND RECOMMENDATION
PAGE - 5

file a petition for writ of certiorari with the U.S. Supreme Court and, since he did not file such a petition, his conviction became final on that date.

Petitioner's one year statute of limitations began to run the following day, *see Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002), and ran until January 19, 2021, the date on which Petitioner filed his first personal restraint petition in the Washington Court of Appeals. (Dkt. # 9, Ex. 6.) At the time Petitioner filed that petition, 174 days had run on the statute of limitations and 191 days remained. The Washington Court of Appeals issued a certificate of finality in this first personal restraint proceeding on November 18, 2021, and the statute of limitations began to run again the following day. (*Id.*, Ex. 8.) While Petitioner did file additional requests for post-conviction relief in the state courts, requests which were construed as a second personal restraint petition, they did not act to toll the limitations period because the state courts determined Petitioner's second personal restraint petition was untimely under state law and, thus, it was not "properly filed" for purposes of § 2244(d)(2). (*See id.*, Exs. 9-10.)

Because Petitioner's second application for post-conviction relief did not act to toll the limitations period, the statute of limitations ran unabated from November 19, 2021, the day after the Washington Court of Appeals issued a certificate of finality in Petitioner's first personal restraint proceeding, until it expired 191 days later on May 30, 2022. As noted above, Petitioner did not submit his federal habeas petition to the Court for filing until July 24, 2025, over three years after the statute of limitations expired.

Petitioner suggests in his petition that he is entitled to an exception to the generally applicable rule for calculating the federal limitation period under § 2244(d)(1)(D) based on newly discovered evidence. (Dkt. # 5 at 13.) It appears the newly discovered evidence Petitioner refers to is a statement of a trial witness, Siyad Shamo, signed on April 10, 2017, in which Mr.

Shamo states that he "lied on the stand." (*See* dkt. # 5 at 17, 29.) This statement is referenced in Petitioner's first ground for federal habeas relief in which he alleges a *Brady*[1] violation. (*See id.* at 5.) Notably, Petitioner's materials indicate this statement was received by his appellate counsel on April 14, 2017, while his direct appeal was still pending. (*See* dkt. # 5 at 29.) It thus appears Petitioner could have, through the exercise of reasonable diligence, discovered the factual predicate of his *Brady* claim as early as April 2017, or at some point before his judgment became final on July 28, 2020. Petitioner offers no evidence or argument to the contrary here. This Court therefore concludes that the exception set forth in § 2244(d)(1)(D) does not apply here.

In addition to being subject to statutory tolling under § 2244(d)(2), the statute of limitations governing federal habeas petitions is also subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065. In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Here, Petitioner presents no argument that he is entitled to equitable tolling, and nothing in the record before this Court suggests that Petitioner has met the requirements for the application of equitable tolling.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

Because Petitioner filed his petition outside the § 2254 limitation period, and because Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period, Petitioner's petition is time-barred and must therefore be dismissed.

### B.    Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus (dkt. # 5) and this action be dismissed, with prejudice, under § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 4, 2025**.

DATED this 13th day of November, 2025.

*/s/ MJ Peterson*
MICHELLE L. PETERSON
United States Magistrate Judge